# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MD Helicopters, Inc. *et al.*,<br><br>                             Debtors. | Bankruptcy Case No. 22-10263 (KBO) |
| The State of the Netherlands,<br><br>                         Appellant,<br><br>    v.<br><br>MD Helicopters, Inc, and<br>Monterrey Aerospace, LLC<br><br>                         Appellees. | C.A. No. 22-702-RGA<br><br>Bankr. BAP No. 22-037 |

## **RECOMMENDATION**

At Wilmington this **23rd** day of **June , 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This Appeal relates to a May 26,22 bench ruling by Judge Karen B. Owens of the Bankruptcy Court denying the relief sought by Appellant.  *See* D.I. 1.

Although the parties have not engaged in mediation or other ADR, they have had informal settlement discussions that were not fruitful, and do not believe that mediation would be productive given the nature of the issues on appeal and the Parties' respective positions.

Appellant maintains that the Bankruptcy court incorrectly ruled on Arizona law and it is entitled to relief under a correct reading of such law.  Appellees argue that the Bankruptcy ruling was a correct reading of Arizona law and if not, Appellant still would not be entitled to the relief it seeks.  Therefore, the Parties request this matter be removed from mandatory mediation.

The parties also believe that setting a briefing schedule would be premature based on the following.  On June 2, 2022, Appellant filed a motion seeking to certify a questions to the Arizona Supreme Court (*See* D.I. 4), which Appellees opposed.  *See* D.I. 8.  The parties ask for this Court to defer setting a briefing schedule until after the certification motion is decided to avoid wasted time and resources.  As a result, the Parties propose that following a decision by the Court on the certification motion, they will meet and confer as to a briefing schedule and make a proposal to the Court.

Further, in reviewing the Docket Index, this judge noted that on June 21, 2022 that Appellant filed an emergency motion to stay pending Appeal pursuant to Federal

Rule of Bankruptcy Procedure 8007.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the process of this Court.  Since this Recommendation is consistent with the Parties' request, no objections are anticipated pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge